IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FELIPE MADRID,

      Plaintiff,

v.                                                                                                                          CV 20-0619 JHR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,[1]

      Defendant.

# MEMORANDUM OPINION AND ORDER

This case comes before the Court on Felipe Madrid's Motion Reverse and Remand for a Rehearing with Supporting Memorandum. [Doc. 19], fully briefed on June 23, 2021. [*See* Docs. 23 (Response), 27 (Reply), 28 (Notice of Completion of Briefing)]. The parties have consented to have the undersigned Magistrate Judge determine the merits of Madrid's Motion and to enter a final judgment in this case as permitted by 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). [*See* Docs. 4, 10, 11]. Having considered Madrid's arguments in light of current law and having reviewed the relevant portions of the administrative record ("*AR*"), [Doc. 16-1],[2] the Court finds that the Appeals Council erred by rejecting rather considering evidence submitted by Madrid's after the date of the ALJ's decision. Therefore, the Motion is **granted**, and this case is **reversed and remanded** to the Social Security Administration for further proceedings, for the following reasons.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) Dr. Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is substituted for former Commissioner Andrew Saul as the Defendant in this suit.

[2] The Court cites the *AR*'s internal pagination rather than the document and page numbers that were assigned to it when it was filed with the Clerk of this Court.

I. **PROCEDURAL HISTORY**

Madrid applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act on June 22, 2017. [*AR* at 248-261]. Madrid alleged a disability onset date of October 31, 2015, due to neuropathy, memory problems, anxiety and arthritis. [*See AR* at 125, 249]. Madrid's applications were denied at the initial and reconsideration stages of review, and he sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). [*AR* at 93-191]. A hearing was held before ALJ Cole Gerstner ("the ALJ") on April 11, 2019. [*AR* at 52]. Madrid was assisted at the hearing by his present counsel. [*Id.*]. After the hearing, the ALJ issued an unfavorable decision on May 23, 2019, concluding that Madrid did not establish a disabling condition or combination thereof through the date of the decision. [*AR* at 43-44].

In response to the unfavorable decision Madrid submitted additional evidence in the form of a Psychological Evaluation by Robert Krueger, Ph.D., a Medical Assessment of Ability to do Work-Related Activities (Mental), completed listing paperwork for Depressive, Bipolar and Related Disorders, Anxiety and Obsessive-Compulsive Disorders, and Personality Disorders, and Trauma and Stressor-Related Disorders, as well as Dr. Krueger's curriculum vitae. [*AR* at 12]. The evidence contains of a report describing a clinical interview with Madrid as well as psychological testing. [*See AR* at 13]. Dr. Krueger concluded among other things that Madrid is markedly impaired in the ability to adjust to changes in the work environment, in relating to coworkers, supervisors and the general public, traveling, and at times being aware of and reacting appropriately to danger. [*AR* at 20]. Dr. Krueger opined that these impairments have been present for at least the last five to six years. [*Id.*]. The Council declined to consider or exhibit Dr. Krueger's report, finding that it did not show a reasonable probability that Dr. Krueger's findings would change the outcome of the ALJ's decision. [*AR* at 2].

Madrid filed a timely civil action in this Court on July 21, 2020. [Doc. 1]. In forma pauperis status was granted, the Commissioner was served and answered the complaint, and the parties consented to proceed before the undersigned. [Docs. 5, 14 (Answer), 11 (Notice of Consent)]. The administrative record was filed, and the parties briefed the issues as ordered. [Docs. 16 (*AR*), 19 (Motion), 23 (Response), 27 (Reply), 28 (Notice of Completion of Briefing)]. The case is now ripe for judicial review. This Court has jurisdiction to review the `Commissioner's Final Decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

## II.   THE COMMISSIONER'S FINAL DECISION

The ALJ's decision is the "final decision" of the Commissioner for the purposes of this appeal. The additional evidence Madrid submitted must be evaluated in light of this decision and its treatment of prior evidence.

A claimant seeking disability insurance benefits must establish that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(l)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[3]

---

[3] As summarized by the Tenth Circuit in *Allman v. Colvin,* 813 F.3d 1326, 1333 n. 1 (10th Cir. 2016):

> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulations.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

At step one of the sequential evaluation process the ALJ found that Madrid has not engaged in substantial gainful activity since October 31, 2015, his alleged onset date. [*AR* at 37]. At step two, the ALJ found that Madrid has the following severe impairments: lumbar spine degenerative disc disease, peripheral neuropathy, right shoulder degenerative joint disease, left ankle osteoarthritis, methamphetamine dependence in remission, alcohol dependence in remission, anxiety, depression, and mild cognitive impairment secondary to alcohol use. [*AR* at 37]. At step three, the ALJ determined that Madrid does not have an impairment or combination thereof that meets or medically equals the severity of a listed impairment under the Act. [*AR* at 37-39].

Before proceeding to steps four and five the ALJ considered Madrid's residual functional capacity ("RFC"). *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is a multidimensional description of the work-related abilities he retains notwithstanding her impairments. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case the ALJ found Madrid to have the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can only occasionally reach overhead on the right. For all other reaching, the claimant can do so frequently bilaterally. He can only frequently handle or finger bilaterally. The claimant can only occasionally climb ramps or stairs; and can never climb ladders, ropes or scaffolds, He can only occasionally balance, stoop, kneel, crouch, or crawl. The claimant can only occasionally work at unprotected heights, around moving mechanical parts, or in vibration. He can perform simple and routine tasks; perform and make simple work related decisions; and can have only occasional interaction with supervisors, coworkers, and the public. In changes in the work setting he is able to make simple work related decisions.

[*AR* at 39].

Employing this RFC at Steps Four and Five, and relying on the Vocational Expert's testimony, the ALJ determined that Madrid is unable to perform his past relevant work as a

composite of a gravity flow irrigator and a livestock farm worker, or as a hand packager. However, he found that there are jobs that exist in significant numbers in the national economy that Madrid can perform notwithstanding these limitations. [*AR* at 42-43]. Accordingly, the ALJ determined that Madrid is not disabled as defined in the Social Security Act and denied his applications for disability insurance benefits and supplemental security income. [*AR* at 42].

### III.    LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "[T]he agency's 'failure to apply the correct legal standards, or to show [the Court] that it has done so' is 'grounds for reversal.'" *Bryant v. Comm'r, SSA*, 753 F. App'x 637, 640 (10th Cir. 2018) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

Under the regulations,[4] the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). This review is subject to, and affected by, whether additional evidence is submitted after the ALJ's decision.

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

---

[4] The applicable regulations were amended effective January 17, 2017, with compliance required by May 1, 2017.

5

20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, as the Tenth Circuit has explained, the regulations draw a distinction between "new and material evidence" - which the Appeals Council must "consider" alongside the rest of the evidence in the file - and evidence which is rejected because it does not qualify for consideration. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (unpublished) (citing *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011)). As the court said in *Padilla*,

> The difference is meaningful. If the Appeals Council did not consider the additional evidence because it did not qualify for consideration … then the question on appeal is whether the Appeals Council erred in failing to do so. If the Appeals Council did accept and consider the new evidence, then the question on appeal is whether the ALJ's decision was supported by substantial evidence in light of the new evidence.

*Id.* n. 1. As opposed to substantial evidence, "[w]hether evidence qualifies for consideration is a question of law subject to *de novo* review." *Id.* at 712 (citing *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003)). This Court has addressed very similar arguments in *Maestas v. Kijakazi*, 2021 WL 3488257, at *3 (D.N.M. Aug. 9, 2021), and *Valencia v. Saul*, 2020 WL 7230114, at *1 (D.N.M. Dec. 8, 2020), and it is guided by the reasoning of those cases. *See Herrera v. Kijakazi*, 2021 WL 3929065, at *2 (D.N.M. Sept. 2, 2021) ("Elementary black letter law (stare decisis) requires this Court to follow its prior rationale in the absence of [a] compelling reason to revisit that reasoning.") (footnote omitted), *report and recommendation adopted*, 2021 WL 4653725 (D.N.M. Oct. 7, 2021).

### IV. ISSUES TO BE RESOLVED

A. Should the Court reverse the Appeals Council's finding that there was no reasonable probability that the evidence submitted by Madrid after the ALJ's decision would change the outcome of the Commissioner's Final Decision?

B.  Did the ALJ err as a matter of law or substantial evidence by improperly discounting the opinion of Tami Rubin, LPCC.

C.  Was the ALJ required to include a "function-by-function" assessment of Madrid's abilities in the RFC?

**V.   ANALYSIS**

Having considered the parties' arguments, the Court finds Madrid's position on the additional evidence he submitted to the Appeals Council to be more persuasive in light of existing precedent. Accordingly, because he has shown a reversible legal error, I do not reach Madrid's other factual and legal claims of error, as they might be affected by the Administration's review of this case on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

> **A. The Appeals Council erred as a matter of law when it determined that there was no reasonable probability that Madrid's additional evidence would alter the ALJ's decision, requiring reversal of its decision to reject the evidence.**

Under the applicable regulations, the Appeals Council will review a case if, among other things, it receives additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).[5] Whether evidence qualifies for consideration by the Appeals Council under this standard is a question of law subject to *de novo* review. *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011). "To reiterate: when never-before-considered evidence is presented to the Appeals Council, the substantial-evidence review standard applies only if the Appeals Council 'considered' the

---

[5] The Appeals Council did not address the other factors that Madrid was required to establish (such as good cause) to obtain review of his additional evidence. [*See AR* at 2]; *see also* Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 FR 90987-01; *Martinez v. Saul*, 2020 WL 4597024, at *4 (D.N.M. Aug. 11, 2020). The Court, therefore, does not address them.

additional evidence as qualifying for review under subsection (a)(5)'s three criteria." *Martinez v. Saul*, 2020 WL 4597024, at *5 (D.N.M. Aug. 11, 2020).

Here, the Appeals Council neither accepted nor considered the new evidence, finding that there was "no reasonable probability that it would affect the outcome of the" ALJ's decision. [AR at 2]. The Commissioner supports this line of reasoning in resisting Madrid's appeal, arguing that there is no reasonable probability that the new evidence would affect the ALJ's decision if it has been considered. *See* [Doc. 23, pp. 6-10].

The threshold determination is whether the Appeals Council "considered" the new evidence or not. Once this determination is made, and assuming that the Council did not consider the evidence, the Court must consider whether it *should* have, as a matter of law. Here, the Appeals Council did not consider the new evidence, as is plain from its decision not to exhibit it. *See* [AR at 2, 12-30]; *see also Johnson v. Kijakazi*, 2021 WL 4805148, at *4 (D.N.M. Oct. 14, 2021) ("This conclusion is reinforced by the Appeals Council's decision not to list Dr. McMahon's report with other newly accepted exhibits … and to instead include the report with the 'procedural documents' near the beginning of the AR[.]").

The Appeals Council erred by failing to minimally consider the evidence along with the other evidence in the record. Madrid's evidence was new because it did not exist at the time the ALJ issued his decision, material because it expressly addresses some of the abilities the ALJ found to be within Madrid's capacity, and temporally relevant because it addressed the period before the ALJ's decision. Thus, the only real question is whether Dr. Krueger's report "could" have affected the ALJ's decision. Again, this standard is *de novo*, and no deference is paid to the

8

Administration's decision. *Threet*, 353 F.3d at 1191.[6] As in *Padilla*, this case "boils down to whether the Appeals Council should have considered the additional evidence." *Id.*

Applying *de novo* review here, the Court disagrees with the Commissioner's argument that "[t]he Court should not remand for additional consideration of evidence that has no reasonable probability of changing the ultimate outcome of this case." [Doc. 23, p. 10 (citing *Sells v. Saul*, CV 18-1095 KRS, 2020 WL 1329737, at *2-3 (D.N.M. Mar. 23, 2020) (unpublished). While the Commissioner's argument is initially appealing, *Sells* is distinguishable. In *Sells* the additional evidence was rejected because it was not temporally relevant. 2020 WL 1329737, at *3. While Magistrate Judge Sweazea did broadly state that "there [was] not a 'reasonable probability' that the [provider's] opinion of [previous] evidence 'would change the outcome of the ALJ's decision[,]'" *id.*, he clarified in a later decision that the *Sells* "is distinguishable [from this and other cases] because the opinion at issue in *Sells* did not assess the claimant's conditions or limitations prior to her date last insured[.]" *Hanna v. Kijakazi*, CV 20-0132 KRS, 2021 WL 3169203, at *7 (D.N.M. July 27, 2021). That is not the case here, and the Commissioner does not argue that that Dr. Krueger's opinion is not temporally relevant.

Rather, as in *Hanna*, the Commissioner argues here that Dr. Krueger's opinion is cumulative and that there is no reasonable probability that the evidence would change the outcome

---

[6] The arguments in the Commissioner's fourth footnote, which suggest that the de novo standard no longer applies, has been rejected in other reasoned opinions from Judges in this district. *See, e.g.*, *Granger v. Kijakazi*, CV 20-0246 SCY, 2021 WL 3269094, at *4 (D.N.M. July 30, 2021) ("The Court rejects this argument. First, the Commissioner does not point to any language in the new regulation regarding the standard of review that differs from the previous regulation…. Second, the Commissioner does not otherwise explain how the amendment could have altered the Tenth Circuit's holding regarding the standard of review…. Third, the issue before the Court is a question of law, and questions of law are subject to a de novo standard of review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) ("Whether the [evidence] qualif[ies] as new, material, and chronologically pertinent is a question of law subject to our de novo review."). Although the Commissioner summarily asserts the Appeals Council's decision should be reviewed for substantial evidence, the Commissioner makes no argument that the standard of review for questions of law is something other than de novo. And here, the amended regulation did not purport to recharacterize the "new, material, and chronologically pertinent" analysis as a question of fact.").

of the ALJ's decision. *See* 2021 WL 3169203, at *7. The Court disagrees that the evidence is cumulative for the same reasons as Magistrate Judge Sweazea and Magistrate Judge Vidmar before him. *See id.* (quoting *Pruett v. Saul*, CV 19-0817 SMV, 2020 WL 6196175, at *5 (D.N.M. Oct. 22, 2020) ("The Appeals Council did not reject the evidence as cumulative. Nor is the evidence obviously cumulative. It was not already presented to the ALJ. Although the provider reviewed some of the same evidence evaluated by the ALJ, he did so in order to formulate his retrospective opinion as to Plaintiff's functional limitations during the relevant time period.")). This case also mirrors *Hanna* in another respect – that Dr. Krueger's opinion would change the landscape of evidence subject to the ALJ's analysis and could reasonably have tipped the scales in Madrid's favor. *See* 2021 WL 3169203, at *8.[7] Other cases lend support for the notion that just because the Commissioner, through her ALJ, *could* reject the new evidence, that does not necessarily mean that she *would* have if it has been properly considered along with the rest of the evidence in the record. *See, e.g.*, *Maestas v. Kijakazi*, 2021 WL 3488257, at *6 (D.N.M. Aug. 9, 2021).[8]

This case is analogous to *Hanna*, *Cordova* and *Maestas*. There, as here, the claimant submitted evidence that met all of the other regulatory factors, and which, if considered along with the evidence that was before the ALJ, might have altered the Commissioner's Final Decision. Therefore, the Appeals Council committed a reversible legal error by refusing to minimally

---

[7] "In considering the rejection of that evidence on de novo review, [Magistrate] Judge Fashing found that there was a reasonable probability that the ALJ's calculus for consistency with the record would be altered if he were to consider Dr. Chari's opinions alongside Dr. Krueger's opinions since the two providers' opinions were so similar." (discussing *Cordova v. Saul*, CV 19-0126 LF, 2020 WL 614577, at *8 (D.N.M. Feb. 10, 2020) ("Critically, if the ALJ were to adopt even some of the additional limitations found by Dr. Krueger, Ms. Cordova's RFC would be more restrictive and could preclude employment altogether.")).

[8] "While the Commissioner presses several arguments for why Ms. Brubaker's opinion would have been rejected by the Appeals Council, her opinion is not substantially inconsistent with her treatment notes…. [T]he Court finds that, had the Administration considered this additional evidence, there is a reasonable possibility (and probability) that the outcome of Ms. Maestas' application for benefits would have been favorable."

consider Dr. Krueger's report, which directly conflicts with some of the ALJ's findings about his abilities to adapt at work and interact with others efficiently enough to maintain employment.

## VI.     **CONCLUSION AND ORDER**

This Court is not permitted at this stage to review the Commissioner's denial of benefits for substantial evidence; it is simply tasked with determining whether the new evidence should have been considered. The Appeals Council's reason for disregarding Madrid's new evidence is unsupported as a matter of law because it could affect the final decision in this case. Therefore, remand is required for the Appeals Council to consider the evidence in the first instance, or to remand the case to an ALJ for further analysis.

WHEREFORE, for the reasons stated, the Court grants Madrid's Motion, reverses the Final Decision of the Commissioner and remands this case for further administrative proceedings. A final judgment pursuant to Rule 58 will be entered concurrently.

**SO ORDERED.**

_____

JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent of the Parties*