IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIPE MADRID,

    Plaintiff,

v.                                                                                                                          No. 1:20-cv-00619-JHR

MARTIN O'MALLEY, Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER AWARDING ATTORNEYS' FEES**

THIS MATTER is before the Court on Plaintiff Felipe Madrid's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, [Doc. 35]. Defendant Martin O'Malley, Commissioner of Social Security, timely responded but takes no position on the Motion. *See* [Doc. 36]. The matter is thus ripe for decision. Having considered the briefing and relevant law, the Motion shall be granted.

Courts may award attorneys who successfully represent social security benefits claimants "a reasonable fee of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. § 406(b)(1)(A). Whether a requested award is "reasonable" generally depends on the character of the representation, the results achieved, whether counsel was responsible for delay, and whether the benefits awarded were great compared to the time spent by counsel on the case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Whether to authorize a fee award under 42 U.S.C. § 406(b)(1) is within the Court's discretion. *See* 42 U.S.C. § 406(b)(1)(A); *Early v. Astrue*, 295 Fed. App'x 916, 918 (10th Cir. 2008) (reviewing the denial of a § 406(b)(1) fees motion for abuse of discretion). Further, when an attorney is awarded fees under both the Equal Access to Justice Act, 28 U.S.C. § 2412, and the Social

1

Security Act, the attorney must refund the smaller fee award to the claimant. *See Gisbrecht*, 535 U.S. at 796.

The requested fees will be authorized. Plaintiff's counsel asks for $15,998.75, which is less than 25 percent of the total past-due benefits due to Madrid. *See* [Doc. 35-1, pp. 11–16] (detailing the amounts awarded to Madrid). The fees requested are reasonable in light of the amount of time spent working the case (34.9 hours), the prerequisite knowledge of the law and relevant medical information necessary to prevail, the results achieved (approximately $92,795.00 in past-due benefits), and the typical fees awarded in the District of New Mexico. $15,998.75 in attorneys' fees thus complies with the requirements of 42 U.S.C. § 406(b) and, in its discretion, the Court finds the amount reasonable.

The Court thus **GRANTS** Plaintiff Felipe Madrid's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and **ORDERS** that $15,998.75 be paid to his counsel out of Plaintiff's past-due benefits. Plaintiff's counsel shall also refund to Plaintiff any fees previously awarded under the Equal Access to Justice Act.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent